NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-174

KRISTIAN BREAUX

VERSUS

DILLON ROMERO

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 89128
LEWIS H. PITMAN, JR., DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.

AFFIRMED.

**Carl J. Castille**
**Post Office Box 1070**
**Carencro, Louisiana 70520-1070**
**(337) 534-4178**
**Counsel for Defendant/Appellant:**
       **Dillon Romero**

**Ramon John Fonseca, Jr.**
**Standard Law, PPLC**
**921 Kaliste Saloom Road**
**Lafayette, Louisiana 70508**
**(337) 456-1163**
**Counsel for Plaintiff/Appellee:**
       **Kristian Breaux**

**FITZGERALD, Judge.**

This appeal stems from a judicial partition of co-owned immovable property.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, Kristian Breaux, and the defendant, Dillon Romero, had been dating for some time when they decided to purchase a home together. To this end, they jointly made an offer to purchase a house and surrounding acreage in St. Martin Parish. The offer was accepted. And ownership of the property was conveyed to Kristian and Dillon by act of sale dated November 19, 2018.

The act of sale identifies Kristian and Dillon as the purchasers, and both Kristian and Dillon executed the instrument in authentic form. The purchase price for the property was $126,000.00. Most of this was financed through a mortgage loan. And while Kristian and Dillon jointly executed the act of mortgage, only Dillon signed the promissory note for the loan.

The parties moved into their new home in December 2018. But eight months later, the couple decided to end their relationship. Kristian moved out of the home in August 2019.

Seven months after that, in February 2020, Kristian filed suit against Dillon for partition by licitation. Dillon answered, challenging the presumption of equal co-ownership under La.Civ.Code art. 797; he also sought money damages, alleging that Kristian had damaged the property after leaving the premises.

Trial was held on February 8, 2022. At the close of evidence, the trial court took the matter under advisement. The trial court then issued written reasons on March 25, 2022, and a final Judgment was signed on April 28, 2022. While the Judgment granted Kristian's request for partition, Dillon's claims were denied. Dillon now appeals this Judgment.

On appeal, Dillon asserts the following assignments of error:

(1)    The District Court erred in requiring either co-owner to purchase the other party's interest for one-half of the appraised value of the property without any reduction for the outstanding mortgage balance.

(2)    The District Court erred in finding that the presumption of equal shares of ownership was not rebutted.

(3)    The District Court erred in not awarding damages to [Dillon].

## LAW AND ANALYSIS

Findings of fact are reviewed on appeal using the manifest error-clearly erroneous standard of review. *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). To reverse a trial court's determination of fact under this standard, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the trial court is clearly wrong or manifestly erroneous. *Id.* The appellate court must not reweigh the evidence or substitute its own factual findings even if it would have decided the case differently. *Id.* And "where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." *Id*. at 883.

Errors of law, on the other hand, are reviewed de novo. *Evans v. Lungrin*, 97-541 (La. 2/6/98), 708 So.2d 731.

*Second Assignment of Error*

Because the trial court first had to decide whether Dillon rebutted the presumption of co-ownership under La.Civ.Code art. 797, we begin our analysis by reviewing Dillon's second assignment of error: whether the trial court erred in finding that the presumption was not rebutted. And we review this assignment using the manifest error-clearly erroneous standard.

2

Louisiana Civil Code Article 797 provides that "[o]wnership of the same thing by two or more persons is ownership in indivision. In the absence of other provisions of law or juridical act, the shares of all co-owners are presumed to be equal."

The interpretation of La.Civ.Code art. 797 was addressed by the Louisiana Supreme Court in *Fairbanks Dev., LLC v. Johnson*, 20-1031 (La. 9/30/21), 330 So.3d 183.[1] There, Ms. Petersen and Mr. Johnson purchased immovable property together while they were dating. The act of sale conveyed ownership of the property to Petersen and Johnson, both of whom signed the instrument before a notary public and two witnesses. And even though Ms. Petersen's separate funds were used in the acquisition of the property, no ownership percentages were stated in the act of sale.

Many years later, a partition proceeding was filed, wherein Ms. Petersen claimed to be the sole owner since her separate funds were used to purchase the property. The supreme court disagreed, explaining as follows:

> Petersen['s] . . . proposed interpretation [of La.Civ.Code art. 797] is also based on the faulty premise that payment of the purchase price reflects a "mutual intent" that Petersen be the sole owner of the property. That suggestion cannot be reconciled with the undisputed fact that, contemporaneous with that payment, Petersen executed authentic acts of sale that, at her direction, conveyed the property to both herself and Johnson. These authentic acts, which have not been contested, constitute full proof of the agreements and cannot be negated or varied by testimonial or other evidence. *See* La. Civ. Code arts. 1835 and 1848. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. Civ. Code art. 2046. As recognized by the court of appeal, "If, at the time the purchases were made, Petersen intended to be the sole owner of the property, she could have made the purchases solely in her name."

*Id*. at 188-89.

---

[1] *Fairbanks* is a two-justice plurality decision: there were two concurrences and three dissents.

Like *Fairbanks*, the act of sale in our case was executed by Kristian and Dillon before a notary public and two witnesses. Like *Fairbanks*, no ownership percentages were stated in the act of sale. And like *Fairbanks*, Dillon did not allege any vice of consent under La.Civ.Code art. 1948. Hence, the act of sale constitutes full proof of Kristian and Dillon's agreement as to equal ownership.

But even still, parol evidence was adduced by both parties without objection. For instance, Dillon testified that his separate funds of $11,156.89 were used to acquire the home, that he alone paid the monthly mortgage-note indebtedness, and that Kristian did not make equal contributions for household bills and expenses. Kristian, on the other hand, testified that her financial contributions were equivalent to those made by Dillon.

In its written reasons, the trial court homed in on La.Civ.Code art. 797. As the trial court put it:

> [Dillon] did not present evidence to overcome the presumption established under C.C. art. 797. The parties signed all documents together, absent the mortgage note signed solely by [Dillon]. While it seems [Dillon] agreed to pay the monthly mortgage payment, [Dillon's] only proof of payment toward the mortgage note is his own testimony. [Kristian] provided paid receipts and canceled checks as proof of her payments through August, 2019. The presumption of equal share must stand. Accordingly, [Kristian] and [Dillon] are equal co-owners of the property.

In summary, the trial court did not manifestly err in finding that Kristian and Dillon each owned an undivided fifty-percent interest in the subject immovable property. Hence, this assignment is without merit.

*First Assignment of Error*

In his first assignment of error, Dillon contends that the trial court "erred in requiring either co-owner to purchase the other party's interest for one-half of the

4

appraised value of the property without any reduction for the outstanding mortgage balance." Here, the appropriate standard of review is de novo.

At the outset, there is nothing in the Judgment that requires Kristian or Dillon to pay one-half of the appraised value without deducting the mortgage indebtedness. Indeed, the Judgment does not order either party to purchase the property. The parties are merely given the first opportunity to acquire the property. Next, the Judgment provides that "either co-owner may negotiate a sale price with the other co-owner." If the parties cannot agree on a price, then the court-appointed notary is ordered to effectuate the partition.

Put simply, the Judgment on its face adheres to the procedural rules governing partitions between co-owners. *See* La.Code Civ.P. arts. 4601-4614. There is nothing in these articles that requires the trial court to address the outstanding mortgage indebtedness. Thus, this assignment is without merit.

*Third Assignment of Error*

In his third and final assignment, Dillon contends that the trial court erred in failing to award damages. This assignment is reviewed under the manifest error standard.

The basis for Dillon's damages claim is La.Civ.Code art. 799, which states: "A co-owner is liable to his co-owner for any damage to the thing held in indivision caused by his fault." Dillon asserts that Kristian damaged the property by changing the alarm code, by denying him access to the property, by nailing the front door shut, by making deep ruts in the yard with her vehicle, and by removing wires from his stereo system.

As to the alarm code, Dillon testified at trial that that Kristian's father provided him with the new code within an hour of Dillon returning home.

5

As to nailing the front door shut, Kristian testified that Dillon screwed the front door shut because it would not stay closed. Curiously, Dillon testified that he did not know who nailed the door shut, even though he specifically accused Kristian of doing so in his pleadings.

As to the yard ruts, Dillon offered pictures into evidence showing the damage. Yet he presented no evidence that Kristian caused the ruts. In contrast, Kristian testified that the ruts were caused by Dillon riding his four-wheeler on the property.

And as to the stereo wire, Dillon admitted at trial that the stereo system was actually owned by Kristian. But Dillon explained that he owned the wire that Kristian removed. Kristian, in turn, contradicted this testimony.

In the end, the trial court observed Kristian and Dillon as they testified under oath and subject to cross examination. And as between Kristian and Dillon, the trial court found that Kristian was the more credible witness. The trial court accepted Kristian's testimony and denied Dillon's damages claim. We find no manifest error in that determination. Consequently, this assignment of error also lacks merit.

### DECREE

For the above reasons, the Judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant, Dillon Romero.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.